UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES
INSURANCE COMPANY et al.,

    Plaintiffs,

v.                                            Case No: 8:21-cv-1032-KKM-TGW

PALM WELLNESS CENTER, LLC et al.,

    Defendants.
_____

## ORDER

GEICO filed a Notice of Voluntary Dismissal under Rule 41(a)(1) as to all claims asserted against Defendants Lilisbet Campos-Garcia and Odamis Rodriguez Roque. (Doc. 123). Because these Defendants have not filed an answer or a motion for summary judgment, the notice is self-executing. *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990); *see also Plains Growers By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973) (holding that, under Rule 41(a)(1)(A)(i), a plaintiff may dismiss all claims against one defendant "despite the fact that the case might remain pending against other defendants"); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to

dismiss all of his claims against a particular defendant . . . .").[1] Accordingly, Campos-Garcia and Rodriguez Roque are due to be terminated from this action.

Though these Defendants have not answered yet, Defendant Robust Pain and Wellness has. In its answer, Robust asserts a crossclaim against Campos-Garcia. (Doc. 68.) Despite the crossclaim, GEICO's notice remains self-executing. Rule 41 limits a plaintiff's power to unilaterally dismiss only when "the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Campos-Garcia has done neither. And the Eleventh Circuit has instructed district courts not to extend "answer" or "summary judgment" to unlisted events that a court may think are similar. *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306–08 (11th Cir. 2016) (concluding that a counterclaim would not terminate the plaintiff's unilateral power under Rule 41(a)(1)(A)(i)). If even a counterclaim would not prevent dismissal, *see id.*, nor can a crossclaim. *See Newmont Ghana Gold Ltd. v. Hiller Sys., Inc.*, No. 3:11-cv-140, 2011

---

[1] *Plains Growers* is in some tension with an Eleventh Circuit opinion from 2018 that held that Rule 41 is not an appropriate mechanism to dismiss less than all a plaintiff's claims. *See Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018). Since *Perry* did not overturn or squarely address either *Plains Growers* or *Klay*, this Court must continue to apply all three binding opinions. *See Walker v. Home Point Fin. Corp.*, ___ F. Supp. 3d ___, 2021 WL 5368863, at *2–3 (M.D. Fla. 2021) (Mizelle, J.) (explaining how district courts must reconcile *Klay*, *Plains Growers*, and *Perry* and concluding that those precedents allow dismissal of less than all defendants but not less than all claims against any one defendant under Rule 41(a)). Considering these cases together, this Court concludes that Rule 41(a)(1) allows dismissal of "*all* claims against a *single* defendant in a multi-defendant action," but not selective dismissal of some claims against a single defendant. *First Acceptance Ins. Co., Inc. v. Vanderlisa Rosser*, No. 2:20-cv-554, 2021 WL 2556151, at *2 (S.D. Ala. June 21, 2021); *accord Rainey-Jones v. Charlie Norwood VA Med. Ctr.*, No. CV 119-186, 2020 WL 5370958, at *1 (S.D. Ga. Sept. 8, 2020); *Jackson v. Equifax Info. Servs.*, LLC, No. CV 119-096, 2020 WL 476698, at *2 (S.D. Ga. Jan. 29, 2020).

WL 2648598, at *1–2, *2 n.2 (N.D. Fla. July 6, 2011) (Rodgers, J.) (acknowledging that plaintiff's notice of dismissal was effective as to a defendant against whom a crossclaim was pending).

Accordingly, this Court finds that GEICO has dismissed Campos-Garcia from this action.[2] And since she is no longer a co-party, this Court dismisses without prejudice Robust Pain and Wellness's crossclaim. *See* Fed. R. Civ. P. 13(g) (requiring crossclaims be asserted against a "coparty"); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (explaining that a notice of dismissal "is self-executing and moots all pending motions" as to the dismissed parties).

Accordingly, the following is **ORDERED**:

1. The Clerk is directed to **TERMINATE** Defendants Lilisbet Campos-Garcia and Odamis Rodriguez Roque as parties to this action.

2. Defendant Robust Pain and Wellness's (Doc. 68) Crossclaim against Defendant Campos-Garcia is **DISMISSED without prejudice.**

3. GEICO's (Doc. 96) Motion to Dismiss Defendant Robust Pain and Wellness's Crossclaim is **DENIED as moot.**

---

[2] In the alternative, this Court finds just cause to terminate both Defendants from the action. *See* Fed. R. Civ. P. 21 (permitting the court to drop a party on its own motion on "just terms"); *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045–46 (11th Cir. 1986). Since GEICO is no longer asserting a claim against either Defendant it would not be just to retain them as parties to the action, and no party will be harmed by their removal since Robust may attempt to join Campos-Garcia as a third-party defendant if it wishes to do so.

**ORDERED** in Tampa, Florida, on November 22, 2021.

Kathryn Kimball Mizelle
United States District Judge