UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

GOVERNMENT EMPLOYEES
INSURANCE COMPANY et al.,

    Plaintiffs,

v.                                                                        Case No: 8:21-cv-1032-KKM-TGW

PALM WELLNESS CENTER, LLC, et al.,

    Defendants.
_____

## ORDER

Defendants Palm Wellness Center, LLC, Michel Reyes, Alye Ortega, and Ronald Oscar Suarez move to dismiss Counts VIII through XIII of Plaintiff GEICO's[1] Complaint. (Doc. 53.) Among other reasons, Defendants argue that these Counts must be dismissed because they do not allege that Defendants engaged in wrongdoing, are not alleged with sufficient particularity, impermissibly group Defendants together, and do not sufficiently allege that Defendants acted with intent to defraud GEICO. This Court

---

[1] Plaintiffs include Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company. For convenience, the Court refers to Plaintiffs as "GEICO."

disagrees and denies Defendants' motion to dismiss because GEICO's Complaint contains ample particularity and states a claim against each Defendant for Counts VIII through XIII.

## I. BACKGROUND

On April 30, 2021, Plaintiffs filed a Complaint containing forty-three counts. (Doc. 1.) Only six—Counts VIII through XIII—are relevant here. Count VIII alleges that Reyes violated the Racketeer Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C. § 1962(c). Count IX alleges that Reyes, Ortega, and Suarez violated RICO under § 1962(d). Count X alleges that Palm Wellness, Reyes, Ortega, and Suarez violated the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) under Section 501.201 *et seq.*, Florida Statutes. Count XI alleges that Reyes, Ortega, and Suarez violated the Civil Remedies for Criminal Practices Act (Florida's civil RICO statute) under Section 772.101 *et seq.*, Florida Statutes. Count XII alleges that Palm Wellness, Reyes, Ortega, and Suarez committed common law fraud. Finally, Count XIII alleges that Palm Wellness, Reyes, Ortega, and Suarez were unjustly enriched.

In the complaint, GEICO seeks to recover more than $1,260,000 that Defendants wrongfully obtained from GEICO by submitting "thousands of fraudulent no-fault . . . insurance charges . . . relating to medically unnecessary, illusory, unlawful, and otherwise non-reimbursable health care services, including putative initial examinations, follow up

2

examinations, and physical therapy services." (Doc. 1 at 2.) These insurance charges were purportedly "provided to Florida automobile accident victims ('Insureds') who were eligible for coverage under GEICO's no-fault insurance policies." (*Id.*)

As relevant here, GEICO brings this action against Palm Wellness Center, LLC, a health care clinic, which "falsely purported to be properly-licensed [and to operate] in compliance with the licensing and operating requirements" under Florida law; Palm Wellness's owner and operator, Michel Reyes; and Alye Ortega and Ronald Oscar Suarez, two licensed massage therapists who worked at the clinic. (*Id.* at 4.) The Complaint alleges that Reyes, Ortega, and Suarez performed the allegedly fraudulent services and billing. (*Id.* at 4.) While no longer a party to this action, Hasan Ismail Zeya allegedly served as the medical director at numerous clinics, including Palm Wellness. (*Id.*) In that role, he falsely "purported to personally, or at least directly supervise, a massive number of health care services." (*Id.* at 10.)

Under the Florida Motor Vehicle No-Fault Law, Sections §§ 627.730–627.7405, Florida Statutes, automobile insurers are required to provide personal injury protection ("PIP") benefits to insureds when they are injured in a motor vehicle accident. *See* § 627.736(1), Fla. Stat. "In order for medical services to be eligible for PIP reimbursements under Florida's No-Fault Law, the performing medical clinic must comply with the Clinic Act, which requires medical clinics to appoint a medical director to accept legal

3

responsibility for certain enumerated duties, including to 'conduct systematic reviews of clinic billings to ensure that the billings are not fraudulent or unlawful,' to 'take immediate corrective action' upon discovery of an unlawful charge, and to 'ensure that all health care practitioners at the clinic have active appropriate certification or licensure for the level of care being provided.'" *Gov't Emps. Ins. Co. v. Mas*, No. 19-21183, 2020 WL 9604436, at *1 (S.D. Fla. Mar. 31, 2020) (quoting § 400.9935, Fla. Stat.).

In its Complaint, GEICO alleges that Reyes "could not operate [Palm Wellness] unless licensed physicians were employed as the medical director[]," (Doc. 1 at 8–9), as required in the Clinic Act. Yet if Reyes retained a legitimate physician as medical director, "any such legitimate physician[] . . . would be obligated to fulfill the statutory requirements applicable to a clinic medical director, which would impede [Reyes's fraud] schemes." (*Id.* at 9.) To solve that problem, GEICO alleges that Reyes, along with the owners of other clinics, retained Zeya, "a licensed physician who was willing—in exchange for compensation—to falsely pose as the legitimate medical director." (*Id.* at 9.) Though Palm Wellness represented that Zeya "either personally performed or directly supervised" the clinic's medical services, "Zeya neither performed nor supervised any of the physical therapy services" or other medical services "that were billed through [Palm Wellness] to GEICO." (*Id.* at 12.)

4

GEICO alleges that Reyes "used the façade of [Zeya's] phony" appointment as Palm Wellness's medical director to illegally "operate health care clinics without legitimate medical directors"; "engage in unlicensed medical decision-making with respect to the Insureds who sought treatment at [Palm Wellness]"; "permit health care services to be provided at [Palm Wellness] by individuals who lacked the proper licensure to perform the services"; and "use [Palm Wellness] as [a] vehicle[] to submit a massive amount of fraudulent PIP billing to GEICO and other insurers." (*Id.* at 10.) GEICO alleges that Zeya allowed Reyes "to dictate every aspect of the manner in which Insureds would be treated at [Palm Wellness], and to dictate every aspect of the manner in which health care services at [Palm Wellness] would be billed to GEICO and other insurers, because [Zeya] sought to continue profiting from the fraudulent billing submitted through [Palm Wellness]." (*Id.* at 11.)

GEICO specifically alleges that Reyes and the other employees at Palm Wellness billed GEICO for a range of fraudulent services, namely: "(i) initial patient examinations; (ii) follow-up patient examinations; and (iii) physical therapy services." (*Id.* at 11.) For example, GEICO alleges that in claims for initial examinations, Zeya, Palm Wellness, Reyes, Ortega, and Suarez "routinely falsely represented that they provided either 'detailed' or 'comprehensive' physical examinations to the Insureds" to bill those examinations under CPT codes that provide higher reimbursable rates than examinations that were not detailed

5

or comprehensive. (*Id.* at 35.) Similarly, GEICO alleges that Reyes, Ortega, and Suarez billed GEICO for physical therapy services that they, as massage therapists, were not licensed to perform and that Zeya did not supervise. (*Id.* at 13–22.)

On June 11, 2021, Palm Wellness, Reyes, Suarez, and Ortega moved to dismiss Counts VIII through XIII of GEICO's Complaint. (Doc. 53.) GEICO filed a response in opposition on July 1, 2021. (Doc. 75.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570). A claim is plausible on its face when a plaintiff "pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## III.   ANALYSIS

Defendants advance three primary arguments for dismissal. First, Defendants argue that the Complaint does not allege wrongdoing on their part because Reyes, Ortega, and Suarez were authorized to perform massage services. Second, Defendants argue that the Complaint lacks the particularity required by Rule 9(b) because it lumps Defendants together and because it does not provide detail on each Defendant's knowledge of the fraud scheme and intent to defraud. Finally, Defendants argue that GEICO's claims fail because GEICO could not have justifiably relied on the purportedly false medical billing.[2]

---

[2] Defendants also request a hearing on this motion. (Doc. 53 at 23.) After a thorough review of Defendants' motion and GEICO's response, the Court denies the request as unnecessary.

### A. GEICO Alleges That Defendants Violated the Clinic Act

The Clinic Act generally requires that a clinic obtain a medical director to be eligible for reimbursement of PIP Benefits. *See* § 400.9935, Fla. Stat. GEICO alleges that the billing through Palm Wellness was fraudulent—in part—because Zeya was not a valid medical director. (Doc. 1 at 74, 76, 78, 79.) Defendants retort that, even if Zeya was not a legitimate medical director, their billing was not necessarily fraudulent due to two exemptions under Florida law. Defendants first claim they were entitled to an exemption from the medical director requirement because Reyes, Palm Wellness's owner, was a licensed massage therapist. (Doc. 53 at 7.) They are mistaken.

The Clinic Act exempts clinics from the medical director requirement if a licensed health care practitioner, including a massage therapist, wholly owns and supervises the clinic's activities. *See* § 400.9905(4)(g), Fla. Stat. The Act specifies that a "health care provider may not supervise services beyond the scope of his license." *Id.* Thus, Reyes, as a licensed massage therapist, could only supervise massage services. And GEICO alleges that Defendants billed GEICO for medical examinations and physical therapy, services "beyond the scope of [Reyes's] license" for message therapy. *Id.*; (Doc. 1 at 11.) Since Defendants were not eligible for an exemption from the medical director requirement, their failure to obtain one who truly supervised Palm Wellness made it ineligible for PIP reimbursement.

8

Second, Defendants argue their billing for physical therapy services for which its employees were not licensed or supervised by a licensed medical professional, were not necessarily fraudulent, pointing to a Florida statute that excepts massage therapy from the physical therapy licensing statute. (Doc. 53 at 8); *see* § 486.161, Fla. Stat.[3] Defendants believe this provision made it legitimate for Reyes, Ortega, and Suarez—licensed massage therapists—to "perform the alleged codes under their own license even if not under supervision." (Doc. 53 at 6.) Thus, Defendants conclude that their activities were legal and "payable under the allegations of the complaint." (Doc. 53 at 6.) Defendants are again mistaken.

Reyes, Ortega, and Suarez—as licensed massage therapists—could lawfully perform message, but the Complaint alleges that they billed GEICO for physical therapy and other non-massage codes.[4] (Doc. 1 at 24.) If Reyes, Ortega, and Suarez performed only message services, they could not bill anything to GEICO because Florida law does not allow PIP reimbursement for massage. *See* § 627.736(1)(a)(5), Fla. Stat. ("Medical benefits do not

---

[3] In relevant part, the statute provides that "No provision of this chapter shall be construed to prohibit any person licensed in this state from using any physical agent as a part of, or incidental to, the lawful practice of her or his profession under the statutes applicable to the profession of . . . massage therapist." § 486.161(1), Fla. Stat.

[4] In passing, Defendants argue that the Complaint is contradictory on whether the billed services were massage therapy or physical therapy. (Doc. 53 at 8.) But the Complaint clearly alleges that Defendants' unlawfully and fraudulently submitted bills for physical therapy services. (Doc. 1 at 24.)

include massage therapy . . ., and a licensed massage therapist . . . may not be reimbursed for medical benefits. . . ."); *Gov't Emps. Ins. Co. v. Quality Diagnostic Health Care, Inc.*, 2021 U.S. App. LEXIS 32949, at *2 (11th Cir. 2021) ("Florida's No-Fault Law also prohibits reimbursement for services—including physical therapy services—performed by massage therapists."). And, as massage therapists acting without the supervision of a licensed doctor, all Reyes, Ortega, and Suarez could do was massage. *See, e.g., Mass*, 2020 WL 9604436, at *4 (concluding that an unsupervised message therapist's services "can only have been massage therapy services" that are not eligible for reimbursement under Florida law (quoting *Gov't Emps. Inc. Co. v. Quality Diagnostic Health Care, Inc.*, 369 F. Supp. 3d 1292, 1300–01 (S.D. Fla. 2020), *aff'd*, 2021 U.S. App. LEXIS 32949 (11th Cir. 2021))); *Gov't Emps. Ins. Co. v. DG Esthetic & Therapy Ctr., Inc.*, No. 18-20921-CIV, 2019 WL 1992930, at *6 (S.D. Fla. Apr. 19, 2019) (reasoning that a certified message therapist's services "performed without supervision by another licensed medical professional" must "constitute massage, rather than physical therapy"). Accordingly, Defendants' services were not entitled to reimbursement, as their alleged billing to GEICO purported.

### B. Failure to Meet Rule 9(b)'s Particularity Requirement and Rule 12(b)(6)'s Plausibility Requirement

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for allegations of fraud, providing that "[i]n alleging fraud or mistake, a party must state

with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Where multiple defendants are involved, the complaint must contain sufficient, specific allegations with respect to each defendant rather than lumping all defendants together. *See Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007). "In a case involving multiple defendants, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Id.* (quotation marks and punctuation omitted).

### i. GEICO Alleges Separate Acts Sufficient to Put Each Defendant on Notice of His or Her Purported Role

Defendants argue that GEICO circumvents Rule 9(b)'s pleading requirement by aggregating claims, rather than specifying how each Defendant engaged in fraudulent conduct. (Doc. 53 at 3.) Stated differently, Defendants contend that "the Plaintiffs failed to state the individual actions each of the Defendants specifically committed."[5] (*Id.* at 6.) This Court disagrees, finding that the Complaint contains sufficient allegations to satisfy the heightened pleading requirements of Rule 9(b).

---

[5] Defendants also argue that the Complaint improperly attempts to assign individual liability for corporate acts to employees. This Court disagrees. An individual—employee or otherwise—is liable for her own acts. *See, e.g.*, *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1074 (Fla. 5th DCA 2008) (explaining that a "direct participant" may be held individually responsible under FDUTPA). As explained elsewhere, the Complaint alleges that Reyes, Ortega, and Suarez violated the Clinic Act through their individual acts. They are not shielded from liability simply because they were employees or were acting within the scope of their employment.

11

Although GEICO occasionally lists Defendants as "the Palm Wellness Defendants," or simply as "Defendants," (Doc. 1 at 4), this shorthand does not negate that GEICO alleges "specific instances of conduct sufficient to inform each Defendant of its individual role in the alleged scheme." *Gov't Emps. Ins. Co. v. KJ Chiropractic Ctr. LLC*, No. 6:12-cv-1138, 2014 WL 12617566, at *4 (M.D. Fla. Mar. 6, 2014) (Honeywell, J.). GEICO's Complaint spans 139 pages and includes over 400 numbered paragraphs, alleging facts to support each of its claims, and attaches approximately 2,700 pages of exhibits. (Doc. 1.) Together, they amply explain each Defendant's purported role.

In brief, the Complaint alleges that Reyes owns Palm Wellness. (*Id.* at 4.) He appointed Zeya as medical director, but controlled and operated Palm Wellness without Zeya's input or supervision. (*Id.* at 10–11.) Instead, Zeya posed as the medical director, while Reyes used Palm Wellness "as a vehicle to submit fraudulent no-fault insurance billing." (*Id.* at 4.) Without Zeya's supervision, Reyes, Ortega, and Suarez misrepresented the severity of insureds' problems in the clinic's billing. Reyes, Ortega, and Suarez performed or purported to perform physical therapy for which they were not licensed, all while claiming that they were properly supervised. (*Id.* at 12.) Then, Reyes, Ortega, and Suarez submitted fraudulent charges to GEICO through Palm Wellness, thereby representing that the charges were legitimately reimbursable. (*Id.* at 77.) The Complaint further alleges that Reyes, Ortega, and Suarez "submitted thousands of fraudulent charges

12

through the Palm Wellness Enterprise,"[6] (*id.* at 79), even though they knew the charges were inaccurate and were not entitled to PIP reimbursement, (*id.*).

Accordingly, the Court finds that GEICO pleads facts with sufficient specificity to inform each Defendant of his or her contribution to the scheme so that each "of the Defendants is on fair notice of what it is they are alleged to have done for their part in carrying out the fraudulent scheme." *Mas*, 2020 WL 9604436, at *10–11 (explaining that a plaintiff satisfies Rule 9(b) by "plausibly alleg[ing] that each Defendant knowingly carried out their part in the alleged scheme" (quotation omitted)); *see Ambrosia Coal & Constr. Co.*, 482 F.3d at 1317 (pleading is sufficiently specific when it "informs each defendant of the nature of his alleged participation in the fraud" (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 13664, 1381 (11th Cir. 1997))).

### ii. GEICO Sufficiently Alleges Each Defendant's State of Mind

Defendants assert that the Complaint does not adequately allege the state of mind of each Defendant. For example, Defendants argue that the Complaint does not allege that Reyes intended to mislead GEICO through mailing bills, asserting that the "mere mailing of the bills was not sufficient to hold [anyone] as knowingly engaging in an illegal or unlawful activity." (Doc. 53 at 12.) But the complaint does not allege that Reyes is liable

---

[6] This allegation clearly defeats Defendants' contention that the Complaint fails to properly allege a pattern of fraudulent activity as required under section 722.103(2), Florida Statutes. (Doc. 53 at 15–16.)

merely for mailing the bills. Instead, it alleges that Reyes hired Zeya as a phony medical director to erect a façade of legal compliance, (Doc. 1 at 10–11); that he performed or purported to perform medical examinations and physical therapy for which he was not licensed, (*id.* at 11, 59); that he did this without supervision from a licensed medical professional, (*id.* at 12, 59); that he directed Ortega and Suarez to do the same, (*id.* at 4, 22–23, 45, 74); and knowing that it was illegal to do so, he submitted bills to GEICO for reimbursement, (*id.* at 12, 61, 74). As to Suarez and Ortega, the Complaint alleges that they performed medically unnecessary physical therapy with the knowledge that they were not licensed to do so, that they were not properly supervised, and that any PIP billing would falsely represent that these acts were legitimate and entitled to reimbursement. (*Id.* at 12, 23.) The Complaint further alleges that the Palm Wellness "Defendants knowingly misrepresented and concealed facts" to prevent GEICO from discovering that the clinic and its services "were ineligible to collect PIP Benefits." (*Id.* at 61.)

A plaintiff need only state a claim that is plausible on its face, which requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678; *see Gov't Employees Ins. Co. v. Feijoo*, No. 20-cv-22044, 2021 U.S. Dist. LEXIS 53417, at *16 (S.D. Fla. March 19, 2021) ("At the motion to dismiss stage, it is sufficient to allege that they indeed knowingly participated in . . . allegedly fraudulent billing practices by misrepresenting the level of

14

supervision they were receiving while providing physical therapy to patients."). GEICO's detailed Complaint supplies enough allegations on Defendants' intent to meet that standard. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Therefore, this Court finds GEICO's allegations of Defendants' knowledge and intent are sufficient at the motion to dismiss stage.

### iii. GEICO Alleges Benefits to Ortega and Suarez

Defendants also argue that the Complaint fails to state an unjust enrichment claim against Ortega and Suarez because it never alleges that they were "in possession of monies paid by the Plaintiffs nor would have gained anything from such acts as alleged." (Doc. 53 at 22.) This argument lacks merit.[7]

The Complaint alleges that GEICO paid at least $1,260,000 in fraudulent bills to Palm Wellness. (Doc. 1 at 76.) This "unjust benefit need not flow directly to a defendant to establish liability." *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.*, 446 F. Supp. 3d 1032, 1056 (S.D. Fla. 2020). Stated differently, GEICO need not allege that each Defendant "individually receive[d] payments in order for a cause of action for unjust enrichment to exist." *State Farm Mut. Auto. Ins. Co. v. B & A Diagnostic, Inc.*, 104 F. Supp. 3d 1366, 1375–76 (S.D. Fla. 2015). But even if GEICO did have to tie the

---

[7] Under Florida law, a claim for unjust enrichment requires a plaintiff prove that (1) she conferred a benefit on the defendant; (2) the defendant retained the benefit; and (3) it would be inequitable for the defendant to retain the benefit. *See Gov't Emps. Ins. Co.*, 2021 U.S. App. LEXIS 32949, at *7–8.

15

money directly to each Defendant, GEICO has done so. The Complaint alleges that the Defendants operated Palm Wellness "solely to enrich the Palm Wellness Defendants," a defined term that includes Ortega and Suarez. (Doc. 1 at 4, 77, 80.) It further alleges that "Reyes, Zeya, Ortega, and Suarez receiv[ed] more than $1,260,00.00 in PIP Benefits to which they were not entitled." (*Id.* at 80.)

To the extent the Complaint is at all unclear about the benefits conferred to Defendants, it is reasonable to infer from the Complaint that Ortega and Suarez benefited, at the very least through salaries and other job-related benefits. *See Pielage*, 516 F.3d at 1284 (requiring courts construe the complaint's allegations in the light most favorable to the plaintiff). Thus, GEICO has sufficiently alleged that all the Palm Wellness Defendants—including Ortega and Suarez—financially benefited from the alleged fraudulent billing.

### iv.  GEICO Justifiably Relied on Palm Wellness's Billing

Finally, Defendants asserts that GEICO cannot succeed on its RICO, fraud, or unjust enrichment claims because it did not justifiably rely on the bills Palm Wellness submitted for reimbursement. Instead, Defendants argue that GEICO exhibited "willful ignorance," (Doc. 53 at 23), and "chose to pay the subject claims,"[8] (Doc. 53 at 19).

---

[8] If Defendants mean to suggest that GEICO acquiesced in Defendants' purported fraud or somehow waived its challenge to the charges by paying them, Defendants are wrong. "Florida's No-Fault Law allows

Defendants and GEICO agree that GEICO is required to review medical bills and records prior to paying the claims. (Doc. 53 at 16–17; Doc. 75 at 13.) Accordingly, Defendants assert that GEICO could not have been "tricked" by any purported fraud. (Doc. 53 at 16.) Once again, this Court disagrees.

GEICO was entitled to rely on Palm Wellness's representations in its billing; an "insurer is entitled to rely on the representations of an insured, without checking all its files to determine if the insured is committing a fraud." *Suite 225, Inc. v. Lantana Ins. Ltd.*, 625 F. App'x 502, 508 (11th Cir. 2015) (per curium) (agreeing with the district court that it was "absurd" to suggest that an insurer "should have conducted a more thorough investigation" (quotation omitted)).

Indeed, Florida law has long made clear that a person "may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation is false or its falsity is obvious to him." *Besett v. Basnett*, 389 So. 2d 995, 998 (Fla. 1980). Falsity is obvious only when a "mere cursory glance" would reveal it. *Id.* GEICO alleges that Defendants concealed their fraudulent billing and that GEICO only "discovered that that its damages were attributable to fraud until shortly before it filed [this action]." (Doc. 1 at 62.) Defendants contest this

---

expressly for an insurer to challenge the validity of a claim for PIP benefits even after the claim is paid." *Gov't Emps. Ins. Co.*, 2021 U.S. App. LEXIS 32949, at *7 (citing § 627.736(4)(b)(6), Fla. Stat.).

17

allegation, asserting that GEICO did know or should have known earlier. (Doc. 53 at 22–23.) But this Court must accept the well-pleaded allegations of the Complaint as true, not Defendants' counter assertions. *See Pielage*, 516 F.3d at 1284. Under GEICO's allegations, this Court cannot conclude that GEICO knew Defendants' representations were false or that their falsity was "readily observable upon a cursory examination" so as to be obvious. *See Gov't Emps. Ins. Co.*, 2021 U.S. App. LEXIS 32949, at *7 (rejecting an identical argument that GEICO should have known of a defendant's alleged fraudulent scheme for PIP reimbursement). Further, what GEICO knew and whether it should have known earlier are not matters to resolve on a motion to dismiss. *See Feijoo*, 2021 U.S. Dist. LEXIS 53417, at *13–14 (reasoning that GEICO's knowledge of Defendants' alleged fraud required discovery and development of the evidentiary record); *Mas*, 2020 WL 9604436, at *7–9 (rejecting a substantially similar "reliance" argument).

Simply put, Defendants' argument fails because GEICO was legally entitled to rely on Palm Wellness's bills, and GEICO plausibly alleges that it did not know and could not have known of Defendants' alleged fraud until shortly before it filed the Complaint.

## IV.  CONCLUSION

Despite Defendants' arguments to the contrary, this Court concludes that GEICO satisfies the pleading requirements under the Federal Rules of Civil Procedure and

sufficiently pleads allegations to state claims against each Defendant. Accordingly, Defendants' Motion to Dismiss Counts VIII through XIII (Doc. 53) is **DENIED**.

**ORDERED** in Tampa, Florida, on December 3, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge